**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNIVERSITY OF KANSAS and
KANSAS ATHLETICS, INC.,

                              Plaintiffs,

                                                              CIVIL ACTION

v.

                                                              No. 06-2341-KHV-GLR

LARRY SINKS,
et al.,

                              Defendants.


**MEMORANDUM AND ORDER**

      This matter comes before the Court on Plaintiffs' Motion to Compel Defendants'

Responses to Interrogatories and Production of Documents (doc. 25).  For the reasons set forth

below, the motion is granted in part and denied in part.

**I.      Introduction and Background**

      This is an action for trademark infringement, dilution, and unfair competition.  It

allegedly arises out of Defendants' production or sale of unlicensed merchandise that

incorporates word marks, design marks, color schemes and other source-identifying indicia

associated with Plaintiff University of Kansas.

      Plaintiffs served their First Set of Interrogatories to Defendant Larry Sinks and their

First Request to Defendants for Production of Documents and Things on October 4, 2006.

Defendant Larry Sinks served his Answers to Plaintiffs' First Set of Interrogatories, and

Defendants served their Response to Plaintiffs' First Request to Defendants for Production of

Documents and Things on November 3, 2006.

On November 20, 2006, Plaintiffs sent Defendants a letter detailing their concerns about deficiencies in Defendants' written responses and document production, including both materially incomplete answers to Plaintiffs' interrogatories and a dearth of responsive documents.  Defendants did not respond to the letter.  In a December 4, 2006 letter, Plaintiffs reiterated their request for responsive documents, informing Defendants that these documents were necessary well in advance of upcoming depositions.  Defendants did not respond to Plaintiffs' letter.

On December 4, 2006, counsel for Plaintiffs had a telephone conversation with Defendants' counsel regarding the discovery deficiencies in which Defendants' counsel assured Plaintiffs' counsel that responsive documents would be forthcoming by the end of the week and that one of his associates would call by the end of the week.  Receiving no documents or telephone calls, Plaintiffs sent Defendants a letter on December 8, 2006.  This letter stated that if Defendants did not provide responsive documents by close of business on Monday, December 10, 2006, Plaintiffs would file a motion to compel production prior to depositions scheduled for December 19 and 20, 2006.   Plaintiffs thereafter filed their Motion to Compel Defendants' Responses to Interrogatories and Production of Documents on December 15, 2006.

## II.      Interrogatories at Issue

Plaintiffs move to compel Defendant Sinks to provide more thorough answers to Interrogatories  2, 6, 8, and 9.  They argue that the answers provided are materially incomplete and deficient.  The Court has reviewed these interrogatory responses and finds that Defendant Sinks has provided sufficient answers to Plaintiffs' Interrogatory Nos. 2, 6, 8, and 9.  Although the Court finds that Defendant Sinks' present answer to Interrogatory No. 8 is sufficient, the

Court reminds Defendant Sinks of his continuing obligation under Fed. R. Civ. P. 26(e) to supplement his interrogatory answers to include information thereafter acquired.

**III.     Requests for Production at Issue**

Plaintiffs also request an order compelling Defendants to produce documents responsive to the following 57 Requests for Production:   Nos. 2-4, 6-24, 26-29, 31-33, and 35-62.  They argue that the mere size of Defendants' production raises a substantial question as to whether Defendants have complied with their discovery obligations.  They note that Defendants produced only a handful of documents, many of which were duplicates.

To facilitate its rulings, the Court groups the requests according to Defendants' responses to them.  This results in the following five categories of responses: (1) responses indicating that documents will be gathered and produced; (2) responses indicating "None;" (3) responses indicating that documents were produced; (4) responses referring Plaintiffs to the Joe-College.com website; and (5) other individual responses.

**A.     Responses indicating that documents will be gathered and produced**

Responses to Request for Production Nos. 2-4 (ownership and corporate structure documents), 21 (product gross profits), and 23-24 (tax returns and financial reports) indicate that Defendant Sinks is in the process of gathering tax records for each business in which he has retained an ownership interest relevant to this lawsuit.  The responses promise that these records will be produced as soon as they are made available to counsel for Defendants to review.

Plaintiffs argue that Defendants' responses indicate that documents will be produced, but contain vague references to when these documents will be forthcoming.  The Court finds

3

that Defendants have had  adequate time to find their tax and corporate records.  Accordingly,

they should produce these documents without further delay.

In their response memorandum to the motion, Defendants state that all documents of

which they have possession, relevant to their ownership and corporate structure, have been

produced.  They further state that "tax records will be produced when made available. All other

such financial documents responsive to plaintiffs' Requests have been produced if they do

exist. Defendants cannot produce what does not exist."

Based on Defendants' representation that the only documents that have not been

produced are tax records and those will be produced when made available, the Court will grant

the motion to compel as to Request Nos. 23-24.  **Within 20 days of the date of this order**,

Defendants shall produce all documents responsive to Plaintiffs' First Request for Production

of Documents Nos. 23-24.  Consistent with the rulings in this Order, Defendants shall serve

upon Plaintiffs a supplemental response to Plaintiffs' First Request for Production of

Documents and Things.  Their supplemental response shall affirm either that they have indeed

produced all documents and things within their possession, custody, or control and which are

responsive to Plaintiffs' First Request for Production or that they have no such items within

their possession, custody or control.  Defendants shall serve such supplemental response on

Plaintiffs **within 20 days of the date of this order.**

**B.      Responses indicating "None"**

In response to Request Nos. 13-14 (customer and sales information), 17-18

(designer/artist instructions and correspondence), 20 (product sold), 22 (costs or deductions

claimed under 15 U.S.C. § 1117[a]), 31-32 (customer comments and similar litigation), 37-39

4

(tournament sales, designs confiscated, police reports), 43 (documents relevant to Defendants' claim of factual or legal impossibility), 44-47, 50-53, and 56-62 (documents supporting counterclaims), Defendants simply state "none" to the respective requests for production.

Plaintiffs move the Court to compel Defendants to produce documents responsive to these requests. Although Defendants have clearly indicated they have no responsive documents, Plaintiffs argue that this "simply cannot be the case" and that they "find it highly unlikely that Defendants have no documents in response" to the requests. They believe that responsive documents do exist. According to Plaintiffs, Defendants "should have" information of the nature requested and they find it especially odd that Defendants responded "none" as they would expect Defendants to have responsive documents.

The Court cannot compel a party to produce documents based solely on opposing speculation and belief that responsive documents exist and that the producing party is withholding them. Plaintiffs have provided nothing more than speculative assertions that Defendants must have responsive documents. The responses, signed by counsel, to twenty-seven individual requests unequivocally state, "None." In their response to the motion Defendants reiterate that they possess no responsive documents. Based on their representations that they possess no documents responsive to Plaintiffs' Request Nos. 13-14, 17-18, 20, 22, 31-32, 37-39, 43, 44-47, 50-53, and 56-62, the Court will deny the motion to produce documents responsive to them.

### C.    Responses indicating that documents were produced

For Request Nos. 15, 19, 26-29, 33, 35-36, 40-42, 48-49, and 54-55, Defendants indicate that they produced documents responsive to these requests. Plaintiffs characterize the

5

production as inadequate.  They argue they have reason to believe that Defendants may have other responsive documents.  They state they asked Defendants to confirm in writing that a search has been undertaken and that no additional materials exist within their possession, custody, or control, but that Defendants have not provided a written response to this request.

For Request Nos. 15 (invoices), 19 (product gross revenues), 26-29 (KU and KU Athletics), 33 (cease and desist letters), 40-42 (documents supporting affirmative defenses of estoppel, laches, and waiver), 48-49 and 54-55 (documents supporting Defendants' counterclaims), Defendants state in their response in opposition to the motion that they have produced all such responsive documents and, beyond what has been produced, no documents or information exists.  Again, the Court declines to speculate that additional documents must exist, when the motion offers no adequate evidence of such existence.  Because Defendants have indicated in their response in opposition that they have produced all responsive documents, Plaintiffs' motion to compel Defendants to produce documents responsive to Request Nos. 15, 19, 26-29, 33, 40-42, 48-49, and 54-55 is denied.

For Request Nos. 35-36 (Kivisto Field documents), Defendants state they have produced what documentation they retain which is responsive to Plaintiffs' Requests concerning the registration of "Kivisto Field" by Defendant Sinks.  They anticipate the receipt of further documentation and will produce that when they possess those documents.  Because Defendants indicate that more documents will be produced, the Court will therefore grant Plaintiffs' motion to compel as to Request Nos. 35 and 36.  **Within 20 days of the date of this order**, Defendants shall produce all documents responsive to Request Nos. 35 and 36.

The Court, however, finds that Defendants' meager document production raises questions as to whether they have produced all responsive documents within their possession, custody, or control.  To give Plaintiffs further assurances that Defendants have produced all documents and information responsive to Plaintiffs' discovery requests, the Court will order Defendants to serve upon Plaintiffs a supplemental response to Plaintiffs' First Request for Production of Documents and Things.  Their supplemental response shall affirm that they have indeed produced all documents and things within their possession, custody, or control and which are responsive to Plaintiffs' First Request for Production.  Defendants shall serve such supplemental response on Plaintiffs **within 20 days of the date of this order.**

**D.     Responses referring Plaintiffs to the Joe-College.com website**

Plaintiffs' Request for Production Nos. 6, 7 and 9 seek the following:

- One sample of each of Defendants' Products (Request No. 6),

- To the extent not produced in response to the preceding request, one sample or photograph of each style, type or line of products, sold, offered for sale or distributed by Defendants (Request No. 7)

- One sample or photograph of each style, type or line of Defendants' Products that Defendants intend to display, sell, offer for sale, or distribute within the next twelve months

Defendants responded to Request Nos. 6 and 7 as follows: "Defendants will make available for review by counsel for Plaintiffs in the Joe-College.com retail store all products available for sale and relevant to this lawsuit by all Defendants in this suit."  For Request No. 9, Defendants responded that they do not presently retain any products to be made available for sale other than those already set forth in Response to No. 7.

7

Plaintiffs argue that the answers are incomplete and unresponsive and that Defendants should be compelled to immediately provide Plaintiffs with examples of all relevant t-shirts and other products responsive to this request. According to Plaintiffs, it is not adequate for Defendants to simply state that the goods are available in the Joe-College.com store. If samples of the actual items cannot be sent to Plaintiffs, Defendants should be compelled to produce photographs of the relevant items.

In their responsive memorandum Defendants state they have produced a large binder which offers depictions of all products sold by Joe-College.com which are relevant to this lawsuit. Because Plaintiffs indicate that they will be willing to accept photographs of the relevant items, the Court finds that Defendants' production of a binder with photographs of all products sold by Joe-College-com adequately addresses Plaintiffs' claimed deficiencies with regard to Request Nos. 6, 7 and 9. Plaintiffs' motion to compel is therefore denied as to Request Nos. 6, 7 and 9.

### E.    Other individual responses

#### 1.    Request No. 8 (Catalogs)

Plaintiffs' Request for Production No. 8 asks Defendants to produce "[a]ll catalogs or other similar documents showing Defendants' Products offered for sale or sold by Defendants." Defendants responded that "[o]ther than the applicable website, Defendants do not employ the use of catalogs or similar documents to display products for sale." The Court finds the response adequate. The motion to compel is denied as to Request No. 8.

#### 2.    Request No. 10 (CD-ROMS)

Plaintiffs' Request for Production No. 10 asks Defendants to produce "CD-ROMS (or other electronically stored material) sufficient to enable KU and KU Athletics to view the contents of Defendants' Website from October 1, 2001 to the present." Defendants' response to this request is that they do not "possess CD-ROMS or any other electronically stored material, or tangible documentation which would enable plaintiffs to view contents of Defendants' websites."

With regard to Request No. 10, Plaintiffs assert that Defendants did not produce any documents in response to this request. They ask that Defendants be compelled to provide current and past examples of the website, preferably in electronic form. Plaintiffs request that Defendants be compelled to produce any electronically stored materials and paper or other material records Defendants (or their web designers/webmasters) have regarding the website. Defendants state in their response in opposition to the motion that they do not possess such discs despite Plaintiffs' insistence to the contrary. Defendants have responded to Request No. 10 by indicating they do not possess the requested items. Defendants should expand its response, however, to state either that they will produce the requested items or that they have no such items within their custody or control, even though they have no possession of them. Plaintiffs' motion to compel is accordingly granted as to Request No. 10.

### 3. Request Nos. 11 and 12 (Advertising and Sales Information)

Plaintiffs' Request for Production No. 11 asks Defendants to produce "[d]ocuments (including brochures, pamphlets, flyers, print advertisements, radio advertisements, television advertisements, photographs or billboards, and any other materials in any medium) used to advertise, market or promote the sale or other distribution of Defendants' Products."

Defendants responded "Defendant Joe-College.com ran a radio advertisement on KLZR 105.9 in January 2006, but Defendants do not retain possession of any documentation concerning such radio advertisement. Further, Defendants do not possess any tangible documentation concerning any advertising, marketing, or promotion efforts."   Request No. 12 seeks "[d]ocuments concerning Defendants' solicitation of sales or other distribution of Defendants' Products, including any Communications with purchasers or potential purchasers of Defendants' Products."  Defendants responded "None, other than those already identified in Response No. 11 to these Requests."

Plaintiffs state in their motion they "find it difficult to believe that Defendants have no documents, not even emails, related to advertising or solicitation of sales. Defendants should be compelled to produce document response to these requests."  In opposition Defendants state they simply do not advertise on a regular basis.  Any instance of advertising or sales information and documentation concerning such has been produced.  Again Defendants have responded to the requests by referring only to documents in their possession.  But if responsive documents exist in the possession of their independent agents, advertisers, or brokers, they may qualify as items within the custody or control of Defendants and thus subject to production. The Court will grant the motion to require Defendants to respond further to Request Nos. 11 and 12 to identify any responsive items within their custody or control.  **Within twenty (20) days of the date of this order,** Defendants shall serve their response to Request Nos. 11 and 12.

**4.      Request No. 16**

Plaintiffs' Request for Production No. 16 asks Defendants to produce "[d]raft designs, proposed designs, and any other creative material concerning the designs appearing on Defendants' Products, including any designs that were created but not used on products that were actually sold (including any such designs contained in CAD files or other electronic media)." Defendants responded that "[a]ny design created by Defendants are either reduced to tangible for-sale products or are destroyed. All designs requested will therefore be made available for review pursuant to Response No. 6 to these Requests."

In a letter dated November 20, 2006, Plaintiffs requested that Defendants revisit this request and specifically determine whether all relevant computer media had been searched. Plaintiffs argued that it is highly unusual for a business like that of Defendants not to retain computer CAD-type files of designs that have been printed. They state that Defendants should be compelled to produce these documents. In their response in opposition to the motion, Defendants state that "[a]ny documents associated with alleged infringing designs have been produced. Beyond what has been produced, no documents or information exists."

The Court will deny Plaintiffs' motion to compel Defendants to produce documents responsive to Request No. 16, but will order Defendants to include an affirmation that they have indeed produced all documents and things within their possession, custody, or control and which are responsive to Request No. 16 in their supplemental response to Plaintiffs' First Request for Production of Documents and Things, as ordered above.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion to Compel Defendants' Responses to Interrogatories and Production of Documents (doc. 25) is granted in part and denied in part, as set forth herein. **Within twenty (20) days of the date of this order**,

Defendants shall supplement their responses to Plaintiffs' First Set of Interrogatories to Defendant Larry Sinks and Plaintiffs' First Request to Defendants for Production of Documents and Things as herein set forth.

**IT IS FURTHER ORDERED THAT** Plaintiffs' request for their expenses, including attorneys' fees, they incurred in bringing this motion is denied.

Dated in Kansas City, Kansas on this 22nd day of March, 2007.

s/ Gerald L. Rushfelt

Gerald L. Rushfelt
United States Magistrate Judge

cc:  All counsel