ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNIVERSITY OF KANSAS and KANSAS ATHLETICS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 06-2341-JAR |
| LARRY SINKS, CLARK ORTH, LARRY SINKS ENTERPRISES, INC. and VICTORY SPORTSWEAR, L.L.C. (collectively d/b/a/ Joe-College.com), | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Attorneys' Fees (Doc. 197). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court denies plaintiffs' motion.

### *Background*

Plaintiffs University of Kansas and Kansas Athletics, Inc (collectively "KU") allege various trademark claims against defendants Larry Sinks, Clark Orth, Larry Sinks Enterprises, Inc. and Victory Sportswear, L.L.C. ("Victory Sportswear"). These claims involve the sale of certain T-shirts at the Joe-College.com retail store and website that reference KU. In the Answer, defendant Larry Sinks asserted counterclaims for conversion and tortious interference with past, present, and future business under State law, and a civil rights claim under 42 U.S.C. § 1983 alleging deprivation of his First Amendment right to free speech. On April 20, 2007, Sinks was granted leave to amend the Answer to add cross-claim defendant The Collegiate Licensing

Company ("CLC"), over plaintiffs' objection.

Sinks withdrew his counterclaim and cross-claim for tortious interference prior to the Final Pretrial Conference.  The remaining amended counterclaims and cross-claims were incorporated into the Pretrial Order.[1]   On June 13, 2007, KU and CLC filed a Motion for Summary Judgment on the counterclaims and cross-claim.[2]  Sinks's response to this motion was due on July 13, 2007.[3]   Just after midnight, on June 14, 2007, counsel for Sinks contacted counsel for KU asking if they would stipulate to Sinks' dismissal of the remaining counterclaims and cross-claim.  KU's counsel responded on July 16, 2007 that they would only stipulate to dismissal of the counterclaims with prejudice if Sinks would agree to reimburse KU and CLC for fees and costs incurred in defending against the claims.

Sinks filed a motion to dismiss the counterclaims and cross-claim without prejudice on July 16, 2007.  KU responded and opposed the motion, arguing that they were entitled to judgment as a matter of law on these claims, or alternatively, that the claims should be dismissed with prejudice and they should be awarded fees, costs, and attorneys' fees under 42 U.S.C. § 1988.  Subsequently, Sinks sought leave to amend his motion to dismiss and requested dismissal of the counterclaims and cross-claim with prejudice.  The Court granted Sinks leave and granted the motion, dismissing the counterclaims and cross-claim with prejudice.[4]  KU now asks  the Court to award attorneys' fees pursuant to 42 U.S.C. § 1988, arguing that they are entitled to the

---

[1](Doc. 110.)

[2](Doc. 123.)

[3](*See* Doc. 145.)

[4](Docs. 190, 193.)

2

fees and expenses reasonably incurred in connection with defending the civil rights claim.

***Discussion***

Under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs." But if the prevailing party is a defendant, fees may only be recovered if the plaintiff's claim "is found to be unreasonable, frivolous, meritless or vexatious."[5] To determine if attorney's fees are warranted under § 1988, the Court conducts a sequential analysis. First, the Court determines if the party seeking fees is a plaintiff or defendant.[6] Second, the Court must decide if the movant is a prevailing party.[7] Finally, the Court exercises its discretion to decide whether the prevailing party is entitled to a reasonable fee award.[8]

The movant here is a defendant, as the § 1983 claim that was voluntarily dismissed by Sinks was in the form of a counterclaim. The more difficult question is whether KU and CLC constitute prevailing parties. Very few courts have considered whether a defendant is a prevailing party when the plaintiff voluntarily dismisses a § 1983 claim.

In *Marquart v. Lodge 837, International Ass'n of Machinists & Aerospace Workers*,[9] the defendant filed a motion for summary judgment arguing that the pro se plaintiff's Title VII claim was time-barred; the district court denied the motion. Four days before trial, the plaintiff filed a

---

[5]*Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 417 (1978); *see Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (holding that the same standard announced in *Christiansburg* for Title VII fees applies to fees under § 1988).

[6]*See Hughes v. Unified Sch. Dist. #330, Wabaunsee County, Kan.*, 872 F. Supp. 882, 885 (D. Kan. 1994).

[7]*See id.*

[8]*See id.*

[9]26 F.3d 842 (8th Cir. 1994).

motion to voluntarily dismiss her complaint with prejudice and the district court granted the

defendant's application for fees and costs.  The Eighth Circuit reversed the district court's fee

award, finding that the defendant was not entitled to fees because it was not a prevailing party

under Title VII:

> In this case, Marquart voluntarily withdrew her complaint with
> prejudice prior to a judicial determination on the merits. We
> emphasize that there is not a scintilla of evidence that Marquart
> voluntarily withdrew her complaint to escape a disfavorable
> judicial determination on the merits. So far as appears, Marquart's
> decision to withdraw her complaint voluntarily was a matter of
> litigation strategy. It is often very difficult to prove hostile work
> environment cases. The decision to withdraw a complaint with
> prejudice and to pursue state law claims instead is a legitimate
> litigation strategy.
>      . . . .
>      In summary, we will grant prevailing party status to a Title
> VII defendant only in very narrow circumstances. To obtain
> prevailing party status, a defendant must be able to point to a
> judicial declaration to its benefit. This might be an order granting a
> defendant's motion for summary judgment on the merits.[10]

In *Hughes v. Unified School District #330, Wabaunsee County, Kansas*, Judge Crow applied the

analysis set forth in *Marquart* and found that a voluntary dismissal with prejudice did not render

the defendant a prevailing party under 42 U.S.C. § 1988, as there was no judicial declaration to

its benefit.[11]  Further, the court found no evidence that the plaintiff had voluntarily dismissed the

complaint to avoid an adverse judicial determination on the merits.[12]

    In *Dean v. Riser*,[13] the Fifth Circuit more recently considered whether to adopt the rule in

---

[10]*Id.* at 852.

[11]872 F. Supp. 882, 887–88 (D. Kan. 1994); *accord Easily v. Norris*, 107 F. Supp. 2d 1332, 1341 (N.D. Okla. 2000) (applying *Marquart*); *York v. Ferris State Univ.*, 36 F. Supp. 2d 976, 981 (W.D. Mich. 1998) (same).

[12]*Hughes*, F. Supp. at 888.

[13]240 F.3d 505 (5th Cir. 2001).

*Marquart*.  Reading *Marquart* to convey a bright-line rule that a defendant does not qualify as a prevailing party when the plaintiff voluntarily dismisses a claim, it articulated the following variation of the rule: "we hold that a defendant is not a prevailing party within the meaning of § 1988 when a civil rights plaintiff voluntarily dismisses his claim, unless the defendant can demonstrate that the plaintiff withdrew to avoid a disfavorable judgment on the merits."[14]

Under either formulation, *Marquart* or *Dean*, KU is not considered a prevailing party unless it is able to show that Sinks withdrew his civil rights counterclaim and cross-claim to avoid a disfavorable judgment on the merits.   The Fifth Circuit provided some guidance on how district courts should determine whether attorney's fees are warranted when a civil rights plaintiff voluntarily dismisses his claim in order to avoid a disfavorable judgment:

> Upon the defendant's motion, the court must determine that the plaintiff's case was voluntarily dismissed to avoid judgment on the merits. Once this affirmative determination has been made, the defendant must then establish that the plaintiff's suit was frivolous, groundless, or without merit. Ordinarily, these inquiries can be resolved from the record developed in the case before the court, supplemented by affidavits and, only if necessary, testimonial evidence. Additional relevant evidence includes but is not limited to information concerning discovery delays and abuses, slothful prosecution, negative rulings, and sanctions against the plaintiffs. Upon reaching the above two conclusions, the district court may then in its discretion award the defendant attorney's fees under § 1988.[15]

---

[14]*Id.* at 511.  Courts in the Seventh Circuit have suggested a distinction exists between voluntary dismissals with and without prejudice.  *See Szabo Food Serv. v. Canteen Corp.*, 823 F.2d 1073, 1076–77 (7th Cir. 1987) (holding defendant is not a prevailing party when plaintiff dismisses without prejudice); *Huettl v. Becker*, No. 02-C-382-C, 2003 WL 23269531, at *4 (W.D. Wis. May 9, 2003) (citing *Szabo Food Serv.*, 823 F.2d at 1076–77); *cf. In re Grand Jury Subpoena Duces Tecum*, 31 F. Supp. 2d 542, 544 (N.D.W. Va. 1998) (applying *Szabo* in deciding who is a prevailing party under Hyde Amendment); *Best Indus., Inc. v. CIS BIO Int'l*, 134 F.3d 362 (table), 1998 WL 39383, at *4 (4th Cir. Feb. 2, 1998) (applying *Szabo* to prevailing party standard in state statute).  But none of the cases decided after *Marquart* acknowledge that case and none discuss the treatment of dismissals with prejudice.

[15]*Dean*, 240 F.3d at 511.

KU argues that Sinks withdrew his claims because he was aware that they could not survive summary judgment. This argument asks the Court to essentially rule on the summary judgment motion, which it declines to do. As Judge Crow explained in his adoption of the *Marquart* approach: "It assures a separate, meaningful treatment of the prevailing party and merit steps. . . . It limits the need for minitrials, if not full-blown trials, on the merits of the lawsuit whenever a plaintiff chooses to dismiss the case."[16] The Court is unable to find any authority for the proposition that voluntary dismissal after a summary judgment motion is filed is sufficient evidence that the plaintiff sought to avoid an unfavorable judicial determination.[17]

KU also urges that Sinks has a history of litigating meritless claims until the deadline for taking action. But KU does not point to evidence in support of this statement. Indeed, Sinks was allowed to amend his Counterclaims to add CLC as a party over the objection of KU. KU points to the fact that Sinks withdrew his tortious interference claims just before the Final Pretrial Conference after Magistrate Judge Rushfelt asked him to provide a basis for his damage amount on that claim during a telephone conference. The Court is unable to see how this rises to the level of evidence discussed in *Dean*. This does not constitute "slothful prosecution" or a negative ruling, but simply evidences that for whatever strategic reason, Sinks chose not to pursue this claim. Likewise, KU does not come forward with evidentiary support for its repeated assertions that Sinks pursued his civil rights claim with full knowledge that it was frivolous. In

---

[16]*Hughes*, 872 F. Supp. at 887.

[17]*See Huettl*, 2003 WL 23269531, at *4 (finding defendant was the prevailing party when plaintiffs acknowledged that they had no factual basis to proceed and agreed that the dismissal made defendant the prevailing party); *Bergeron v. NW Publ'ns, Inc.*, No. 9-94-1124, 1996 WL 210789, at *9–12 (D. Minn. Jan. 12, 1996) (finding defendant was the prevailing party after granting defendant summary judgment and dismissing certain claims against defendant on the merits).

sum, the Court does not find that this case should join the "the necessarily small and almost infinitesimal universe of reported cases in which civil rights plaintiffs voluntarily dismiss their claims to avoid judgment on the merits . . . ."[18]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiffs' Motion for Attorneys' Fees (Doc. 197) is denied.

**IT IS SO ORDERED**.

Dated this 19th day of March 2008.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[18]*Dean*, 240 F.3d at 511.